UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARTIN J. WALSH,[1]

           Plaintiff,

        v.

ALLIANCE PROPERTY
SERVICES, INC. et al.,

           Defendants.
_____

5:15-cv-226
(GLS/ATB)

## SUMMARY ORDER

In October 2017, the court entered a consent judgment (hereinafter "the Consent Judgment"), enjoining defendants Michael McCaffrey, Alliance Property Services, Inc. (hereinafter "Alliance"), Alliance Property Services, PA, Inc., Secure Assets First, Inc., and Imperial Property Services, Inc. from (1) withholding payment of $124,837 in unpaid wages to their employees, and (2) violating the minimum wage, overtime, recordkeeping, and retaliation provisions of the Fair Labor Standards Act[2]

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. Walsh, Secretary of Labor, has been substituted in place of Milton Al Stewart as plaintiff in this action. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

[2] *See* 29 U.S.C. §§ 201-19.

(FLSA).  (Dkt. No. 83.)

Now pending is a motion for civil contempt, filed by Martin J. Walsh, Secretary of Labor (hereinafter "the Secretary"), in which he argues that McCaffrey, along with his business partner, Danielle Ezman, and Alliance's successor company, SCJ Enterprises PA, LLC, should be held in contempt and face sanctions for failing to make payments in accordance with the Consent Judgment, and for continuing to violate the relevant FLSA provisions.  (*See generally* Dkt. No. 89.)  For the reasons that follow, the motion is denied with prejudice as to Ezman, and denied without prejudice as to McCaffrey and SCJ.

## I. Background

In February 2015, the Secretary filed this action against defendants. (*See generally* Compl., Dkt. No. 1.)  Specifically, he alleged that defendants violated the FLSA's minimum wage, overtime, recordkeeping, and retaliation provisions.  (*Id.* ¶¶ 35-46.)  The Secretary now alleges that, due to this action, McCaffrey and Ezman "entirely shifted Alliance's employees and operations to SCJ, through which they continued the same property preservation and maintenance business under a new name." (Dkt. No. 89, Attach. 2 at 4.)  According to the Secretary, McCaffrey is the

2

owner, president, and CEO of SCJ, just as he was of Alliance, and SCJ was created merely as "an attempt to evade liability in this action." (*Id.* at 5.)

Although the court issued the Consent Judgment in October 2017, (Dkt. No. 83), the Secretary maintains that McCaffrey has yet to make a single payment, (Dkt. No. 89, Attach. 2 at 3). Moreover, the Secretary contends that an investigation conducted by the Department of Labor in 2018 found that McCaffrey and Ezman "denied their SCJ employees the required minimum wage and overtime, and failed to maintain accurate records." (*Id.* at 5.) Accordingly, the Secretary brings the instant motion, asserting that McCaffrey, Ezman, and SCJ are all bound by the Consent Judgment and have defied it by failing to make certain payments and by continuing to violate the FLSA. (*See generally id.*)

## II.  Discussion

A district court may hold a party in civil contempt if the contemnors are bound by the injunction and "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d

3

122, 142 (2d Cir. 2014) (citation omitted).  Rule 65 of the Federal Rules of Civil Procedure directs that the only persons bound by an injunction are those that have "receive[d] actual notice of it by personal service or otherwise," and are either (1) a party to the injunction, (2) an officer, agent, servant, employee, or attorney of a party to the injunction, or (3) someone "in active concert or participation with" a party or a party's officer, agent, servant, employee, or attorney.  *See* Fed. R. Civ. P. 65(d)(2).  For a variety of reasons thoroughly explained in his brief in support of the instant motion, the Secretary argues that each element is satisfied with respect to McCaffrey, Ezman, and SCJ.  (*See generally* Dkt. No. 89, Attach. 2.)

First, as argued by Ezman, (Dkt. No. 95 at 2), the motion for civil contempt with respect to her must be denied because there is no evidence that she received actual notice of the Consent Judgment.  "Actual notice" is defined as "[n]otice given directly to, or received personally by, a party." *Notice*, Black's Law Dictionary (11th ed. 2019); *see Brody v. Vill. of Port Chester*, No. 00 Civ. 7481, 2007 WL 735022, at *6 (S.D.N.Y. Mar. 12, 2007) (same).

The Secretary contends that Ezman had notice of the Consent Judgment because "she was an officer and agent of Alliance," she

4

represented Alliance during the initial investigation, she testified during this litigation, and because she "facilitated the transfer of operations from Alliance to SCJ."  (Dkt. No. 89, Attach. 2 at 13, 17-18 (internal quotation marks omitted).)  The notice the Secretary describes revolves around events that took place prior to the issuance of the Consent Judgment, and is more akin to constructive notice than the *actual* notice that is required. *See* 58 Am. Jur. 2d Notice § 4 (2021) ("'Actual notice' is defined as notice expressly and actually given while 'constructive notice' is defined as information or knowledge of a fact imputed by law to a person, although he or she may not actually have it, because he or she could have discovered the fact by proper diligence, and his or her situation was such as to cast upon him or her the duty of inquiring into it." (citations omitted)).

    Ezman is not a defendant in this action, she was not a signatory of the Consent Judgment, and, despite the Secretary's assertions to the contrary, (Dkt. No. 89, Attach. 2 at 17-18), the court is not satisfied that she was the type of high ranking official whereby she could receive actual notice via the corporate defendants.  Indeed, Ezman contends that she was not served with the Consent Judgment, did not have knowledge of it, that "she had no role in any of the defendant corporations except . . . as an

5

employee," and that she had no control, ownership, or discretion, with respect to the decision making at any of the defendant companies. (Dkt. No. 95, Attach. 1 at 2-4.) Accordingly, because Ezman is not bound by the Consent Judgment, the motion with respect to her is denied.[3]

Next, McCaffrey's only argument in response to the instant motion is that he remains unable to pay any unpaid wages or sanctions. (Dkt. No. 94.) While "a party's complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions is a defense to a charge of civil contempt," *Kim v. Ji Sung Yoo*, No. 15-cv-3110, 2019 WL 3162128, at *3 (S.D.N.Y. May 17, 2019) (citation omitted), the alleged contemnor bears the burden "of proving *plainly* and *unmistakably* that compliance is *impossible*," *In re Harripersad*, No. 18 Civ. 2092, 2019 WL 1499194, at *5 (E.D.N.Y. Apr. 5, 2019) (citation omitted).

However, in light of the Secretary's recent letter motion, in which he seeks an order from Magistrate Judge Andrew T. Baxter compelling McCaffrey to respond to certain discovery requests regarding his financial

---

[3] Ezman requests reasonable attorney's fees, (Dkt. No. 95 at 6-7), but does not explain why she is entitled to such fees, aside from citing a 1975 Seventh Circuit case, in which the court awarded attorney's fees to *the plaintiff* for fees expended during a contempt proceeding, *see Herrlein v. Kanakis*, 526 F.2d 252, 253 n.2 (7th Cir. 1975). Accordingly, Ezman's request is denied.

6

status, (Dkt. No. 97), the court will not, at this juncture, reach the issue of McCaffrey's ability to pay. Instead, the instant motion with respect to McCaffrey and SCJ[4] is denied, without prejudice and with leave to renew, pending the resolution of the Secretary's discovery-related motion by Judge Baxter.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk replace Milton Al Stewart with the current Secretary of Labor, Martin J. Walsh, on the docket; and it is further

**ORDERED** that the Secretary's motion for civil contempt (Dkt. No. 89) is **DENIED WITHOUT PREJUDICE** and **WITH LEAVE TO RENEW** as to McCaffrey and SCJ, and **DENIED WITH PREJUDICE** as to Ezman; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

---

[4] It is not clear to the court whether SCJ is bound by the injunction by virtue of McCaffrey being its sole owner, but that is an issue that will be addressed in due course, if appropriate.

March 26, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge